IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MIGUEL VEGA-COLÓN,**      \*
Petitioner,      \*
     \*
     \*
        v.      \*      Civil No. 05-1581 (DRD)
     \*      Related to Crim. No. 97-076 (19) (DRD)
     \*
**UNITED STATES OF AMERICA,**      \*
Respondent.      \*
_____      \*

## OPINION AND ORDER

Miguel Vega-Colón a/k/a "Mickey" (hereinafter, "Petitioner"), proceeding *pro se*, has moved to vacate, set aside, or correct his sentence pursuant to section 2255 of Title 28 of the United States Code ("section 2255"). Following a jury trial, Petitioner Vega-Colón was convicted of conspiracy to distribute narcotics and possession with intent to distribute narcotics in violation of 21 U.S.C. § 841 and § 846. The Court of Appeals affirmed the conviction on all counts. In his present *pro se* motion to vacate under 28 U.S.C. § 2255, Petitioner alleges that he was denied effective assistance of counsel at his trial and on direct appeal. For the following reasons, the Court DENIES his motion.

## I. BACKGROUND

On April 10, 1997, a Federal Grand Jury returned a two count indictment against Vega-Colón, his father Miguel Vega-Cosme and nineteen (19) other co-defendants (D.E. 1). On December 14, 1998, a superseding indictment was returned adding another defendant to the case - the Government alleged the same charges against the same defendants listed in the original indictment. (D.E. 397). Count Two charged that from or about January 1, 1990, until about March 7, 1994, all twenty-one defendants conspired to distribute more than five kilograms of heroin, more than five kilograms of cocaine, more than five kilograms of cocaine base, and more than 100 kilograms of marijuana, as prohibited by 21 U.S.C. § 841 (a)(1) and 21 U.S.C. § 846.

From December 28, 1998 to June 25, 1999, eleven of the 22 defendants were tried before a jury. On June 25, 1999, the jury convicted all eleven defendants, including Colón-Vega, on all counts with

which they were charged. (D.E. 859).

On February 40, 2000, Petitioner Vega-Colón was sentenced to 292 months of imprisonment and five years of supervised release. (D.E. 1158).

On direct appeal, Petitioner raised the following claims: (1) whether the evidence was sufficient to tie him to the charged conspiracy. See, United States v. Soto-Beníquez, 356 F.3d 1, 44 (1st Cir. 2003); (2) Apprendi and related issues, Soto-Beníquez, 365 F.3d at 45; (3) whether the sentence imposed violated the rule of Apprendi, because the drug quantity was not proven beyond a reasonable doubt and it raised the statutory maximum. Soto-Beníquez, 365 F.3d at 45-48. Petitioner and his father's joint appellate brief contained other arguments presented on behalf his father that were decided against one or more co-defendants. Petitioner's conviction and sentence were affirmed in their entirety on direct appeal by the First Circuit. See, Soto-Beniquez, supra.

### A. The Offense Conduct

The facts in this case are fully set forth in the Opinion of the Court of Appeals. United States v. Soto-Beniquez, supra. In sum, this case is about one overarching conspiracy to distribute drugs at Bitumul (Israel Ward) in Hato Rey, San Juan, Puerto Rico and to protect that distribution through multiple murders. The Government prosecuted a violent street gang dedicated to the distribution of narcotics at six different drug points within the Bitumul Ward. The Government case relied substantially on the testimony of several cooperating co-conspirators, to wit, Ramón Cesário-Soto, Victor Negrón-Maldonado (a/k/a Pitosito), and Luis Torrens-Alicea (a/k/a Pito Salsa). From on or about January 1, 1990, until on or about March 7, 1994, the defendants would purchase multi-kilogram quantities of heroin, cocaine and marihuana at wholesale prices. They would then cut, divide and package the narcotics in small vials or plastic baggies for subsequent sale to customers at drug points. Additionally, the defendants would also cook some of the cocaine purchased and create cocaine base ("crack cocaine"), which would also be packaged in vials for sale at drug points. The defendants would use residences and other locations to store narcotics, cook cocaine into crack cocaine, and package the heroin, cocaine, crack cocaine and marihuana to be distributed at the drug points. In order to protect

the sale of narcotics at the different drug points, the defendants possessed, carried and used firearms. These firearms were used to stand guard at the different drug points in order to protect the sales of narcotics, or to seek out and murder rival gang members who posed a threat to the drug distribution conspiracy.

The evidence at trial revealed that co-defendants Soto-Ramírez and Soto-Beníquez were the primary suppliers of the six drug points. These six drug points shared a common defense against rival gang members. Petitioner Vega-Colón, son of defendant Miguel Vega-Cosme, accompanied his father in his criminal enterprise. (Trial Tr., 02-05-99, p. 47; 01-21-00, p. 137; 01-28-99, p. 110). Vega-Colón worked for his father's drug point on Laguna Street. Specifically, he packaged all the narcotics for his father's drug point (Trial Tr. 03-19-99, pp. 75, 80), and would stand guard while armed at the drug point in Alley No. 9. (Trial Tr. 04-20-99, p. 79). Other facts of the conspiracy are set forth in the Court of Appeal's Opinion.

## II. LEGAL FRAMEWORK

### A. Legal Standard under 28 U.S.C. § 2255 and Procedural Default

Under 28 U.S.C. §2255, a district court may grant relief to a prisoner in custody under a sentence imposed by a federal district court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack..." See, 28 U.S.C. §2255.

A motion under §2255 is not a substitute for direct appeal and presents a higher standards that a petitioner must clear to bring a claim. United States v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 71 L.Ed2d 816 (1982); United States v. Addonizio, 442 U.S. 178, 184-85, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Once a defendant's chance to appeal has been exhausted, there is a presumption that the conviction is fair and final. Id.  As the Supreme Court explained in Frady, "[o]nce the defendant's chance to appeal has been waived or exhausted... we are entitled to presume he stands fairly and finally convicted, especially when, as here, he had already has a fair opportunity to present his federal claims

to a federal forum." Frady, 456 U.S. at 164.  Moreover, a §2255 motion may not be used to relitigate an issue that was raised and considered on direct appeal without some highly extraordinary circumstance, such as an intervening change in the law.  Davis v. United States, 417 U.S. 333, 345, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"  Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted);  Massaro v. United States, 538 U.S. 500, 504 (2003) ("Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."). Further, a  petitioner may not  re-litigate questions that were raised and considered on direct appeal in this circuit.  Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in a prior appeal will not be reviewed again by way of 28 U.S.C. 2255 motions," citing Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967) cited in Barrett v. United States, 965 F.2d 1184, 1190 n. 11 (1st Cir. 1992).

The Supreme Court has made clear that "cause" is measured by a stringent standard of diligence. See, e.g., Coleman v. Thompson, 501 U.S. 722, 753 (1991) ( "cause" is "something external to the petitioner" that "cannot be fairly attributed to him"; "[a]ttorney ignorance or inadvertence is not 'cause'") (emphasis in original); Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed. 2d 397 (1986)("[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim.").  In this respect, the existence of cause to excuse a procedural default is dependent upon the petitioner's ability to show that some objective factor external to the defense impeded compliance with the procedural rules.  Murray, 477 U.S. at 488.   A showing that the factual or legal basis for a claim was not reasonably available to counsel or that interference by some officials made compliance with the procedural rules impracticable, would constitute cause under this standard.  Strickler v. Greene, 527 U.S. 263, 283, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

A showing of prejudice must be made along with the adequate showing of cause.  Reed v.

Farley, 512 U.S. 339, 358, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).   In order to show prejudice, the petitioner must show a reasonable probability that the result of the trial would have been different had the claimed errors, which were procedurally defaulted, not occurred.  Strickler, 527 U.S. at 289-90. Furthermore, "the resulting prejudice must create an actual and substantial disadvantage, infecting [the petitioner's] entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170.  If a defendant fails to establish "cause" and "prejudice" to excuse a procedural default, he can obtain collateral review of his constitutional claim only by demonstrating that the constitutional error "has probably resulted in the conviction of one who is actually innocent." Bousley, 523 U.S. at 623.   The Supreme Court has emphasized that " 'actual innocence' means factual innocence, not mere legal insufficiency." Id. To establish actual innocence, petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (quotations and citation omitted)).

## B. Ineffective Assistance of Counsel Standard

The U.S. Supreme Court has articulated a two-pronged test to evaluate claims of ineffective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   To prevail on a claim of ineffective assistance of counsel, the Petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness... under prevailing professional norms" and (2) that there is a reasonable probability that but for counsel's unprofessional performance, the outcome of the proceeding would have been different.  Strickland, 466 U.S. at 687-88. Under the  first prong of the Strickland test, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687.   This prong is not satisfied unless the Court is persuaded that an attorney's actions were objectively unreasonable.  To evaluate counsel's effectiveness, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing norms." Strickland, 466 U.S. at 688. The Court is bound to apply this standard "in light of all circumstances [in the case]." Id., at 690.

If Petitioners meets the first prong of the Strickland test, he then must establish "that the

deficient performance [of counsel] prejudiced the defense." Id.   The second prong of the Strickland

test demands that Petitioner affirmatively "show that there is a reasonable possibility that, but for

counsel's unprofessional errors, the results of the proceeding would have been different." Id. at 694.

In other words, where a Petitioner establishes counsel's incompetence, the Petitioner must still meet

the second prong of the test, Strickland, 466 U.S. at 687, and show that he was prejudiced by counsel's

actions.   Id. at 693-94.   There must be a showing of "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 694.   To make

this determination, the Court "must consider the totality of the evidence before the judge or jury." Id.

at 695.   It is not enough for the Petitioner to show that counsel's error had "some conceivable effect"

on the outcome of the case;  there must be a showing that the decision reached would reasonably likely

have been different." Id. at 693, 696.

         In analyzing a claim that counsel's performance fell short of constitutional standards, "it is not

sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument."

Instead, the court "must indulge a strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance". Id., at 689.   As explained by the Supreme Court, strategic

choices made after thorough investigation of law and facts relevant to plausible options are virtually

unchallengeable; and strategic choices made after less than complete investigation are reasonable

precisely to the extent that reasonable professional judgments support the limitations on investigation.

Id., at 690-91. Moreover, "[i]n assessing the attorney's performance, a reviewing court must judge his

conduct on the basis of the facts of the particular case, ''viewed as of the time of counsel's conduct,''

and may not use hindsight to second-guess his strategy choices." Id., at 690.  Furthermore, the Supreme

Court advises that in reviewing trial performance [i]t is all too tempting for a defendant to secondguess

counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining

counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of

counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made

to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id., at 689 (internal quotations and citations omitted).  Thus, a Petitioner cannot prevail on a claim of ineffective assistance merely because he disagrees with his counsel's strategy.  See, Jones v. Barnes, 463 U.S. 745, 751-52 (1983) (explaining that an indigent appellant does not have a constitutional right to compel appointed counsel to press every nonfrivolous point on appeal and recognizing "the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review"); Mayo v. Henderson, 13 F.3d 528, 533 (2nd Cir. 1994) ("[I]t is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made.").

### III. DISCUSSION

This Petition contains numerous procedurally barred claims which Petitioner inappropriately collects under the rubric of "ineffective assistance of counsel."

In general, a failure to raise a particular issue on direct appeal bars a court from examining the merits of that issue in a § 2255 petition unless the petitioner can establish either cause for failing to raise the issue and prejudice resulting therefrom or show proof that he is actually innocent.  See, Bousley, supra.  Thus, Petitioner must show both "cause excusing his procedural default and actual prejudice from the unpreserved error in order to obtain collateral relief."  Prou v. United States, 199 F.3d 37 (1st Cir. 1999).  Moreover, such "cause under the cause and prejudice test must be something external to the petitioner," such as administrative interference.  Coleman v. Thompson, 501 U.S. 722, 753 (1991). In the alternative, Petitioner can establish his innocence only if he can "demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousley, 523 U.S. at 623.

In the instant case, except for the claims noted in the Background section of this Opinion and Order, which were fully litigated on direct appeal, and the ineffective assistance of counsel claims (addressed below), Petitioner Vega-Colón has procedurally defaulted on all of the claims raised here, including, for example, claims related to plea negotiations, failure to file motion to dismiss, failure to object sentencing, and so forth. Petitioner was represented by able counsel at trial, at sentencing and on appeal and has not shown any "external" cause for his failure to raise any of these claims.

Even if Petitioner Vega-Colón could show cause for failing to raise these issues on appeal, he has not shown prejudice resulting from the acts he complains of. For example, Petitioner fails to show how any of the issues raised would have been decided in his favor or that the outcome of the trial would have been different but for his counsel's failure to raise these issues. Similarly, Petitioner fails to show any prejudice resulting from the alleged unpreserved errors. Petitioner has also failed to show actual innocence in that he has not responded adequately to the overwhelming evidence offered against him at trial.

## A. INEFFECTIVE ASSISTANCE BY TRIAL COUNSEL

## 1. Plea Offer Negotiations

Petitioner Vega-Colón alleges that his plea of not guilty was not a voluntary and intelligent choice. See, Petition, p. 6. He further claims that, although he discussed the government's plea offers with both his attorney, Gustavo Del Toro, and his father's attorney, Rosa Bonini, the advantages of a guilty plea were not properly explained to him. See, Petition, p. 8.

An attorney's failure to insist that his client accept the Government's plea offer due to overwhelming evidence of guilt does not constitute constitutionally ineffective assistance. See, Smith v. United States, 348 F.3d 545, 552 (6th Cir. 2003). The decision to plead guilty, first, last, and always rests with the defendant, not his lawyer. Although the attorney may provide an opinion on the strength of the Government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of conviction. Id.

Even if Petitioner Vega-Colón claims were cognizable on habeas review, the evidence in the record belies Petitioner's claim that he was not informed about plea negotiations and sentencing exposure. First, the Government sent out letters to communicate plea offers to all defendants. This offer was extended to October 11, 1998. In Petitioner's case, he was offered a base offense level of 36, and a three-point reduction in his base offense level for acceptance of responsibility for a total base offense level of 33 and an imprisonment range of 11 to 14 years, assuming a criminal history of I. However, the Government would agree to a sentence of 11 years. On the other hand, the offer to Petitioner also warned him that if he proceeded to trial, the Government would seek to establish a base offense level of 38, resulting in a guideline range of 19 to 24 years. Under the latter course of action, the Government would seek a sentence of twenty years.

Further, the plea offer was discussed in open court and defendant was granted until November 2, 1998, to accept the plea (D.E. 336), which he rejected. Additionally, the Government offered a package plea deal to all co-defendants which was discussed in open court and, again, rejected by the Petitioner.

Petitioner's counsel provided an affidavit in support of the Government's position which states that Petitioner Vega-Colón was notified by counsel of the Government's plea offer and that the offer was thoroughly discussed with Petitioner. Petitioner expressed that he was only willing to serve five years in prison rather than the eleven years offered by the Government. Counsel advised him of the risks involved if he chose to go to trial instead of accepting the eleven years being offered by the Government. At the end, Petitioner chose to reject the Government's offer. The evidence shows that it was Petitioner who refused to consider a plea and insisted on going to trial.

The fact that Petitioner Vega-Colón may now regret his decision after the resulting sentence will not provide a basis for relief. Petitioner's current dissatisfaction does not constitute a valid basis on which to find that his counsel was ineffective.

## 2. Failure to File Motion to Dismiss

Petitioner claims that counsel was ineffective for failing to file a motion to dismiss the

indictment "because of prejudicial pre-indictment delay and that the alleged offense was committed when Vega-Colón was a juvenile." <u>See</u>, Petition, p. 10.

The Petitioner did not make these arguments at any level during his direct review. Thus, in the absence of "cause and prejudice," <u>see</u>, <u>Bousley</u>, 523 U.S. at 622, 118 S.Ct. at 1611, the Petitioner is procedurally barred from making these arguments. However, the Petitioner does not argue cause and prejudice, and the Court finds no basis for such a claim. In this regard, the Petitioner states only that "counsel's omissions set forth in the above-paragraph were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Petitioner Vega-Colón during the pre-trial process." <u>See</u>, <u>Petition</u>, p. 11.  This explanation is insufficient to excuse the procedural default in this matter, and falls short of a claim that counsel  was ineffective.  However, were the Court to address the merits of the Petitioner's argument, the Petition would still be denied because the First Circuit has expressly rejected the argument made by other co-defendants in this case.  <u>See</u>, <u>Soto-Beníquez</u>, 356 F.3d at, 23, 25.  First, as to co-defendants Soto-Beníquez and Soto-Ramírez, the First Circuit stated that "the indictment complied with the statute limitations, which is the primary safeguard against pre-indictment delay." <u>Soto-Beníquez</u>, 356 F.3d at 25. Second, as to co-defendant De-Leon-Maysonet who raised on appeal the same argument that Petitioner advances in this Petition, the First Circuit said: "although [he] joined the conspiracy as a minor, he ratified his participation after he had turned eighteen." <u>Soto-Beníquez</u>, 356 F.3d at 25.

Because a motion to dismiss would have been denied, and affirmed on appeal, the alleged failure of defense counsel to file a motion to dismiss cannot be deemed ineffective assistance of counsel.  <u>Acha v. United States</u>, 910 F.2d 28 (1st Cir. 1990)(counsel was under "no obligation" to raise meritless claims").

**3. Counsel's Failure to Move for Severance.**

Petitioner claims that "his counsel rendered ineffective assistance by requesting that Petitioner were joined to the CCE [Continuing Criminal Enterprise] defendants when the relevant evidence concerning his alleged participation warranted that he were tried with a second, already-severed group."

See, Petitioner, p. 11.

Federal Rule of Criminal Procedure 8 (a) allows joinder of multiple counts if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The presumption in favor of joint trials is especially strong when the defendants are charged with conspiracy. United States v. Vega-Molina, 407 F.3d 511, 532 (1st Cir. 2005). However, Federal Rule of Criminal Procedure 14 provides that even properly joined defendants may obtain a severance if it appears that a defendant is prejudiced by a joinder of offenses or of defendants. See, Fed. R. Crim. P. 14 .

In order to succeed with this claim, Petitioner Vega-Colón must show that the joinder created actual prejudice that deprived him of a fair trial. United States v. Magana, 127 F.3d 1, 7 (1st Cir. 1997); United States v. Flores-Rivera, 56 F.3d 319, 325 (1st Cir. 1995). A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. Strickland, 466 U.S. at 685. Apart from vague and self-serving assertions, Petitioner Vega-Colón presents nothing to demonstrate that his counsel's failure to file a motion to sever was not outside "the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. He also fails to show that in any way he was denied a fair trial by reason of the joinder of the charges against him with the trial of his co-defendants. He is therefore not entitled to relief based on this first specification of attorney ineffectiveness.

Furthermore, as to other co-defendants, the Court of Appeals, considered and rejected this claim determining that denial of motion for severance was not an abuse of discretion despite co-defendants' unfounded assertion that evidence adduced against them was prejudicial. Soto-Beníquez, 356 F.3d 29-31. Thus, in the absence of any showing of prejudice, the Court finds the Petitioner's claim meritless.

## 4. Sentencing Issues

On appeal, Petitioner Vega-Colón argued that his sentence violated the rule of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). See, Soto-Beníquez, 356 F.3d at 45. Specifically, Petitioner argued that the amount of drugs distributed by the conspiracy was not proven

Civil 05-1581 (DRD)
Criminal No. 97-076 (DRD)                                            Page 12

beyond a reasonable doubt to a jury, that the drug amount raised the statutory maximum, and that their

sentences must be vacated as a result. Again, Petitioner reargues the same Apprendi claim on habeas

by contending that the Jury found him guilty because the special verdict form was imprecise and that

his sentence violated the rule of Apprendi.  See, Petition, pp. 15-16.

     Petitioner's first ineffective assistance of counsel claim can be disregarded because its substance

was previously litigated on the merits on direct appeal.  Plaintiff alleges no new error.  He merely cloaks

it under a different rubric of ineffective assistance of counsel.

     Here, the jury instructions did not make reference to drug amount or quantity.  Notwithstanding,

the jury was instructed that, to find the defendants guilty of the conspiracy count, it had to find that the

Government proved the conspiracy charged in the indictment beyond a reasonable doubt.  The Court

provided the jury a copy of the indictment.  The indictment charged the defendants with knowingly and

intentionally distributing more than five kilograms of heroin, more than five kilograms of cocaine, more

than five kilograms of crack cocaine, and more than one hundred kilograms of marijuana.  The jury was

also instructed that the actual amount of drugs need not be proven, and that the Government need only

prove that defendants distributed or possessed with intent to distribute a "measurable amount" of drugs.

The First Circuit found that the latter part of this instruction was a harmless Apprendi error.

     Notwithstanding, the First Circuit determined that although an Apprendi error did occur, the

error was harmless beyond a reasonable doubt.  The Court of Appeals went on to say that the

Government produced overwhelming evidence that the conspiracy involved at least five kilograms of

cocaine, which triggers a maximum sentence of life imprisonment for all co-conspirators under 21

U.S.C. § 841 (b)(1)(A) and § 846.

     Petitioner has cast this argument under the rubric of ineffective assistance of counsel, but the

Court of Appeals addressed and rejected this claim.  It is well settled in this Circuit that a prisoner may

not use a Section 2255 Petition to relitigate questions that were raised and considered on direct appeal.

Singleton v. United States, 26 F.3d at 240; Dirring v. United States, 370 F.2d at 864; Barrett v. United

States, 965 F.2d at 1190 N. 11.

Civil 05-1581 (DRD)
Criminal No. 97-076 (DRD)                                             Page 13

As to Petitioner's other sentencing issues, the rulings of <u>Blakely v. Washington</u>, 542 U.S. 296,

124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160

L.Ed.2d 621 (2005), are not retroactive on collateral review. <u>Torres-Quiles v. U.S.</u>, 379 F.Supp.2d 241

(D.Puerto Rico,2005); <u>see also</u>, <u>McReynolds v. U.S.</u>, 397 F.3d 479 (7th Cir.2005) (<u>Booker</u> does not

apply retroactively to criminal cases that became final before its release); <u>U.S. v. Fraser</u>, 407 F.3d 9 (1st

Cir.2005) (petitions under § 2255 are unavailable to advance <u>Booker</u> claims in the absence of a Supreme

Court decision rendering <u>Booker</u> retroactive since this would provide an avenue to escape restrictions

Congress has imposed on habeas review); <u>Cirilo-Muñoz v. U.S.</u>, 404 F.3d 527, 533 (1st Cir.2005).

Accordingly, this Court is precluded from entertaining Petitioner's claim.

## 5. Ineffective Assistance of Appellate Counsel

Both Petitioner Vega-Colón and his father, co-defendant Miguel Vega-Cosme, were represented

on appeal by same counsel, Marcia G. Shein. On appeal, counsel argued exclusively on behalf of co-

defendant Vega-Cosme that the defendants were charged with a multi-object conspiracy.   Petitioner

claims that "as counsel failed to develop (sic) the argument, the Circuit Court denied relief." <u>See</u>,

Petition, p. 20.

The issue, however, was presented on appeal as to two defendants alleged and the appellate

court found that there was but one conspiracy. <u>United States v. Soto Beniquez</u>, 356 F.3d 18-24 ("Vega-

Colón stood as an armed guard at Rodríguez-López's point in Callejón nueve . . .Vega-Colón, Vega

Cosme's son, packaged crack, heroin and marijuana for his father's point." <u>United States v. Soto-</u>

<u>Beniquez</u>, 356 F.3d at 20, 21.  The matter may not be re-litigated on a  habeas petition in this circuit.

<u>Singleton v. United States</u>, 26 F.3d at 40.

Petitioner has the same constitutional right to effective assistance of counsel at the appellate

level as he is entitled to at trial.  Evitts v. Lucey, 469 U.S. 387, 399 (1985).  "Appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."  Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745 (1983)).  While it is possible to bring a Strickland claim based on counsel's failure to raise a particular claim, the Supreme Court has indicated that satisfying the first part of the Strickland test requires a showing that the ignored issues were "clearly stronger than issues that counsel did present."  Campbell v. United States, 108 Fed. Appx. 1, 3 (1st Cir.2004) (citing Robbins, 528 U.S. at 288).  Even if we were to assume *arguendo* that Petitioner's claim did satisfy the first prong of the Strickland test, that counsel's performance fell below an objective standard of reasonableness, we cannot see how Petitioner could satisfy the second prong of Strickland, which requires Petitioner to show that he was prejudiced by counsel's alleged errors.

Where a defendant's appellate counsel presented, briefed, and argued, albeit unsuccessfully, one or more nonfrivolous grounds for relief on appeal, the defendant was neither actually nor constructively denied assistance of counsel on direct appeal.  See, Moss v. Collins, 963 F.2d 44, 48 (5th Cir. 1992). For that reason, where a defendant's appellate counsel presented nonfrivolous points of error on appeal or did not seek to withdraw from representation without filing an adequate brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), a defendant must satisfy both prongs of the Strickland test in connection with his claims of ineffective assistance by his appellate counsel. Id.  Therefore, because Petitioner's appellate counsel filed and briefed more than one non-frivolous point of error in Petitioner's direct appeal, Petitioner must satisfy both prongs of Strickland to prevail on his assertions of ineffective assistance by his appellate counsel.

Furthermore, satisfying the prejudice prong of Strickland in connection with a claim of

Civil 05-1581 (DRD)
Criminal No. 97-076 (DRD)                                          Page 15

ineffective assistance by appellate counsel requires more than a mere complaint about deficiencies in

an appellate brief. Effective assistance of appellate counsel does not mean that counsel will raise every

available nonfrivolous ground for appeal. Evitts v. Lucey, 469 U.S.at 394. Nor will counsel be

deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs

in a reasonably effective manner. Id. To prevail on a claim of ineffective assistance by appellate

counsel, a petitioner must identify with specificity all grounds for relief that he claims should have been

included in his appellate brief. See, Russell v. Lynaugh, 892 F.2d 1205, 1213 (5th Cir.1989), cert.

denied, 501 U.S. 1259, 111 S.Ct. 2909, 115 L.Ed.2d 1073 (1991) (holding that generalized complaints

about the quality of an appellate brief do not satisfy the prejudice prong of the Strickland test).

        Appellate counsel did present more than one non-frivolous argument on appeal. On Petitioner's

behalf, counsel argued the following claims: 1) sufficiency of evidence as to Conspiracy Count; 2)

Apprendi and related issues; 3) sufficiency of the evidence as to drug quantities. These claims,

although well-argued, were rejected on appeal. See, Soto-Beniquez, 356 F.3d 1 (1st Cir. 2003).

        To the extent Petitioner has made allegations of appellate counsel's performance with regard

to the representation of his father, a co-defendant in this same case, those allegations are without merit

and will be dismissed.

        Furthermore, Petitioner has not identified any authorities or theories which his appellate counsel

could have cited or argued in support of other unidentified grounds on appeal, which would have

provided the appellate court with a legal or factual basis for reversing Petitioner's conviction. As

explained above, to prevail on a claim of ineffective assistance by appellate counsel, a Petitioner must

identify with specificity all grounds for relief that he claims should have been included in his appellate

brief. He failed to do so. Petitioner has presented this Court with no compelling arguments in support

of this aspect of his ineffective assistance claim.

Petitioner's ground of ineffective assistance by his appellate counsel does not warrant federal habeas corpus relief specially since the point was raised by other counsel and soundly rejected.

### 6. Petitioner's Claim of Post-Conviction Rehabilitation

A district court may grant a motion for relief under section 2255 only in limited circumstances. See 28 U.S.C. § 2255 ; see also, Addonizio, 442 U.S. at 184 (noting that in the absence of jurisdictional or constitutional errors, "the scope of collateral attack [under section 2255 ] has remained far more limited." ). No general authority exists under  section 2255 to grant relief simply because of post-sentencing rehabilitative efforts undertaken by an incarcerated prisoner.  See, Bryant v. United States, 48 F.Supp.2d 188 (N.D.N.Y. 1999) (in dismissing habeas motion, holding that section 2255 provided no authority to reduce prisoner's sentence based on post-conviction rehabilitation); see also, Addonizio, 442 U.S. at 184-86.

Since Petitioner asks this Court, as an alternate ground for relief, to view his rehabilitative efforts as an independent basis for a reduction of his sentence, the Court must deny Petitioner's motion for a writ of habeas corpus under 28 U.S.C. § 2255 .

### IV. CONCLUSION

It is ordered that Petitioner Miguel Vega-Colón's request for habeas relief under 28 U.S.C. §2255 (Docket No. 1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30 day of October 2006.

s/Daniel R. Domínguez
**DANIEL R. DOMÍNGUEZ**
**U. S. DISTRICT JUDGE**